**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KANDALE L. HARRISON | ) | CASE NO. 4:26-CV-206 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | UNITED STATES DISTRICT JUDGE |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| WARDEN DOUGLAS FENDER, *et al.*, | ) | JENNIFER DOWDELL ARMSTRONG |
| | ) | |
| Defendants. | ) | **REPORT AND RECOMMENDATION** |

Pro se plaintiff Kandale L. Harrison is an incarcerated person and brings this action under 42 U.S.C. § 1983 against Defendant Douglas Fender (both in his individual and official capacity), Defendant Lindsay Ashby[1] (both in her individual and official capacity), and Defendant CoreCivic, Inc.[2] (Am. Compl., ECF No. 23.) Plaintiff alleges that Mr. Fender was the warden at Northeast Ohio Correctional Center ("NEOCC"), where Plaintiff was incarcerated, and Ms. Ashby was a NEOCC case manager. Plaintiff alleges that Ms. Ashby was responsible for passing out mail to him and failed to provide him with important legal mail from his attorney in 2023, which caused him to miss an appeal deadline related to his state criminal case, essentially forfeiting a U.S. Supreme Court challenge to his lengthy prison sentence. (*See id.*, PageID# 184.) Plaintiff further

---

[1] Ms. Ashby's counsel reported that her legal last name is now "Caldwell." (ECF No. 8 at 1 fn.1, PageID# 53.) For readability and consistency in light of the relevant filings, I will continue to refer to her as "Ms. Ashby" at this early stage of the case. But I will separately direct the Clerk to amend the case caption to reflect Ms. Ashby's legal name.

[2] Plaintiff identified this defendant as "CoreCivic of America, Inc." (*See, e.g.*, ECF No. 23, PageID# 180–81.) The company, in noticing its appearance in this matter, identified that its correct legal name is "CoreCivic, Inc." (ECF No. 28, PageID# 223.) There seems to be no dispute as to the identity of this defendant, and therefore I will separately direct the Clerk to amend the case caption to reflect the correct name. *See, e.g.*, *Beaumont Health v. United Healthcare Services, Inc.*, No. 2:23-cv-10982, 2024 WL 1317772, at *2 (E.D. Mich. Mar. 26, 2024).

claims that he brought the issue to the attention of Mr. Fender, who—beyond being generally responsible for the policies and practices of the institution as warden—intentionally ignored him. (*Id.*)

This case is before me pursuant to the Court's order referring this matter to me for general pretrial supervision, including conducting a Case Management Conference, overseeing the discovery process, and resolving all non-dispositive motions. (Order of Referral, ECF No. 10.)

I enter this Report and Recommendation because Plaintiff failed to prove that he effectuated service over Defendant Fender in the time allowed by Rule 4(m) of the Federal Rules of Civil Procedure and by the Court's June 23, 2026 order specifically requiring service before August 24, 2026. (Order, ECF No. 22.)

**I. PROCEDURAL HISTORY**

On January 27, 2026, Plaintiff (proceeding pro se) filed a complaint against two defendants—Mr. Fender and Ms. Ashby. (ECF No. 1.) On February 2, 2026, I granted Plaintiff status to proceed in forma pauperis, and on February 9, 2026 the Clerk issued original summonses to the U.S. Marshal for service upon the defendants, at the addresses Plaintiff identified in the complaint. (IFP Order, ECF No. 3; Summonses, ECF Nos. 4 & 5; *see also* Compl., ECF No. 1, PageID# 2.) Plaintiff identified the physical address of NEOCC as the service address for both defendants. (*See* ECF No. 1, PageID# 2.)

On February 19, 2026, service was returned executed upon Ms. Ashby. (ECF No. 7, PageID# 47.) On the same day, the U.S. Marshals Service reported that service directed to Mr. Fender through a commercial carrier service had been delivered at NEOCC. (*Id.*, PageID# 51–52); *see also* Fed. R. Civ. P. 4(e)(1); Ohio R. Civ. P. 4.1(A)(1)(b).

On March 3, 2026, attorneys filed a document styled as "Defendant Ashby's Motion to Extend Responsive Pleading Deadline," which is, in essence, a limited notice of appearance without conceding service or jurisdiction; the document asked the Court for more time to confirm whether service was effective on either defendant. (*See generally* ECF No. 8.) Relevant here, counsel represented that "Defendant Fender has not served as the Warden of NEOCC since July 2025 and is no longer a CoreCivic employee." (*Id.*, PageID# 54.) Counsel asked for more time to attempt to contact Mr. Fender. (*Id.*)

On March 16, 2026, the U.S. Marshals Service provided notice from NEOCC that the previous summons and complaint had in fact not been executed as to Mr. Fender, as Mr. Fender "[i]s no longer [at] NEOCC or employed by CoreCivic." (ECF No. 9, PageID# 57.) That document was signed by an administrative supervisor at NEOCC on February 19, 2026. (*Id.*)

A couple days later, the case was referred to me for general pretrial supervision. (*See* ECF No. 10.)

On April 15, 2026, I denied Plaintiff's motion to appoint counsel in the case. (*See* Mot., ECF No. 12; Order, ECF No. 13.) A few days later, counsel for Defendant Ashby formally noticed counsels' appearance in the case for Ms. Ashby (ECF No. 14) and filed a Rule 12(b)(6) motion to dismiss the complaint (ECF No. 15). Relevant here, in that motion counsel for Ms. Ashby stated that Mr. Fender was a "former Warden" who "is no longer a CoreCivic employee" and "remains unserved." (*Id.* at 1 fn.1, PageID# 94.)

On April 28, 2026, I entered an order noting that the docket reflected that Mr. Fender had not yet been served and that the deadline for service provided in Rule 4(m) of the Federal Rules

of Civil Procedure had expired. (Order, ECF No. 17.) But I noted that it was "unclear from the docket whether Plaintiff received notice that the Warden has not been served." (*Id.*, PageID# 115.)[3]

I therefore ordered that "[i]f Plaintiff wishes to attempt to serve the Warden again, Plaintiff must: (1) fully complete the attached USM-285 form and the Summons, identifying an updated service address for the Warden; and (2) file the USM-285 form and the Summons with the Court on or before June 1, 2026." (*Id.*, PageID# 116.) The Clerk mailed a copy of this order, along with blank summonses and USM-285 forms, to Plaintiff on the same day. (Service Remark, Apr. 28, 2026.)

On May 26, 2026, Plaintiff filed proposed summonses and USM-285 forms for three defendants (adding CoreCivic, Inc.), and in the same filing packet he filed a motion to amend the complaint and add CoreCivic as a party–defendant. (ECF Nos. 18–19.) In June, Plaintiff filed an affidavit, which he characterized as an exhibit to his proposed amended complaint. (ECF No. 21.)

Ms. Ashby largely did not oppose Plaintiff's motion (without conceding anything on the merits), but in relevant part her counsel maintained that Mr. Fender remained unserved. (*See* ECF No. 20, PageID# 156.)

On June 23, 2026, the Court entered an order addressing Ms. Ashby's motion to dismiss (ECF No. 15) and Plaintiff's motion to amend (ECF No. 18.) (Order, ECF No. 22.) The Court allowed the amended complaint and directed that the amended complaint would comprise ECF Nos. 18-1 and 21. (*Id.* at PageID# 176.) The Court found that Ms. Ashby's motion to dismiss was moot. (*Id.*) And, as relevant here, the Court found that Mr. Fender had not yet been served and stated that the U.S. Marshal must be directed to attempt service on Mr. Fender at the address

---

[3] In issuing this order, I was mindful of Plaintiff's allegations of mail issues where he was incarcerated. (*See, e.g.*, ECF No. 16, PageID# 111–12),

identified in Plaintiff's proposed summons and USM-285 form. (*Id.* at PageID# 176–77, including at fn. 2.) The Court then set the following firm deadline for service:

> Plaintiff shall have until ***no later than August 24, 2026*** to serve Defendant Fender. Once the Clerk files Plaintiff's First Amended Complaint as a separate docket entry as set forth herein, the U.S. Marshal shall attempt to serve a copy of the Summons (Doc. No. 19) and First Amended Complaint on Defendant Fender at the Wallnut Boulevard address set forth on the Summons and USM-285 form filed at Doc. No. 19.

(*Id.*, PageID# 177–78) (emphasis added).

The Clerk filed the amended complaint the same day. (ECF No. 23.) And on June 26, 2026, the Court issued original summonses to the U.S. Marshal for service upon Mr. Fender and the new party–defendant. (ECF Nos. 24–25.)

On July 31, 2026, the U.S. Marshals Service notified the Court that service upon Mr. Fender had been attempted through a commercial carrier service but had been returned unexecuted, with a note that Mr. Fender was "not at address." (ECF No. 27, PageID# 220, 222.)

On August 19, 2026, counsel entered their appearance for Ms. Ashby and CoreCivic. (ECF No. 28.)

On August 31, 2026, Mr. Harrison filed a letter stating that he had not received service copies of notices or orders in the case since May 2026. (ECF No. 29, PageID# 225.) He said that he directed someone to check the docket for him on August 24, 2026, and he knows that service was returned unexecuted on Mr. Fender. (*Id.*) But he said he did not receive notice of the Court's June 23, 2026 order. (*Id.*)

This Report and Recommendation follows.

## II. LAW AND ANALYSIS

Rule 4(m) of the Federal Rules of Civil Procedure provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

The original Complaint in this case was filed on January 27, 2026. (ECF No. 1.) When the 90-day deadline passed, I specifically informed Plaintiff that he needed to serve Mr. Fender, instructed him as to the forms needed for the U.S. Marshal to try to do that, and sent him the blank forms. (ECF No. 17.)

Additionally, on June 23, 2026 the Court granted Plaintiff an extension of about four months to serve Mr. Fender. (ECF No. 22.) Plaintiff provided a new service address for Mr. Fender, but service could not be completed at the provided address because the U.S. Marshals Service stated that Mr. Fender was not at that address. (ECF No. 27.)

Under these circumstances, and where Mr. Fender has remained unserved for close to nine months, I recommend that the claims against Mr. Fender be dismissed without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure.

Lack of prejudice or actual notice, or ignorance of the rules, are insufficient to show good cause for extending the service deadline under Rule 4(m). *Johnson v. Smith*, 835 F. App'x 114, 115 (6th Cir. 2021). Absent a showing of good cause to justify a failure of timely service, the Federal Rules of Civil Procedure compel dismissal. *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996).

Here, Plaintiff has already had far more than 90 days to perfect service on Mr. Fender, including already receiving a significant extension from the Court. Moreover, I notified Plaintiff

that Rule 4(m) required dismissal if Mr. Fender was not timely served, as I quoted the rule directly in my order of April 28, 2026. (ECF No. 17, PageID# 115.) The U.S. Marshals Service has attempted to perfect service on Mr. Fender at two different addresses provided by Plaintiff, without success.

Nor has Plaintiff attempted to provide any explanation regarding why he failed to perfect service, much less demonstrate a "reasonable, diligent effort" to do so. *Pearison v. Pinkerton's Inc.*, 90 F. App'x 811, 813 (6th Cir. Jan. 23, 2004). Under these circumstances, "dismissal due to lack of service is 'mandatory, not discretionary.'" *Nicholson v. N-Viro Int'l Corp.*, No. 3:06CV01669, 2007 WL 2994452, at *4 (N.D. Ohio Oct. 12, 2007) (quoting *Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir. 1992) (further citations omitted)); *Engler v. Arnold*, No. 4:14-CV-2442, 2015 WL 4213642, at *2 (N.D. Ohio July 10, 2015) (finding dismissal mandatory where there was no evidence on the record that plaintiff perfected service, plaintiff was on notice that defendant claimed he was not served, plaintiff failed to provide proof of service, and plaintiff failed to show any good cause).

Significantly, while Plaintiff alleges that he has not received service of recent court filings, he wrote in his letter that he asked a family member check the docket more than three weeks ago, saw the Court's June 23, 2026 order, and saw that service on Mr. Fender was returned unexecuted. But he has not filed a motion to further extend the service deadline or made any attempt to show good cause for extending the deadline.

Out of an abundance of caution because Plaintiff has not asked for more time to serve Mr. Fender or made any attempt to establish good cause for his failure to do so, I will briefly address the factors courts consider when deciding whether to extend the time for service in the absence of a finding of good cause: (1) whether the extension would be well beyond the timely service of

process; (2) whether the extension would prejudice the defendant beyond having to defend the suit; (3) whether the defendant had actual notice of the suit; (4) whether the court's refusal would prejudice the plaintiff, including whether the lawsuit would be time-barred; (5) whether the plaintiff made any good faith efforts to effect service; (6) whether the plaintiff is a *pro se* litigant; and (7) whether any unique equitable factors exist. *E.g.*, *United States v. Oakland Physicians Medical Center, LLC*, 44 F.4th 565, 569 (6th Cir. 2022.)

With respect to the first factor, Mr. Fender remains unserved more than six months after the Rule 4(m) deadline and more than three weeks after the Court's firm deadline for service. I find that this factor weighs heavily against further extending the deadline.

With respect to the second factor, I do not see any particular prejudice to Mr. Fender—beyond having to defend against the suit—as there are no significant case deadlines set. This factor weighs in favor of extending the deadline.

With respect to the third factor, there is no concrete evidence that Mr. Fender has had actual notice of this suit. While counsel for Ms. Ashby represented that they would try to contact Mr. Fender, there is no evidence before me to conclude that they were able to do so. I find that this factor weighs against an extension.

With respect to the fourth factor, Plaintiff has not argued that his claims against Mr. Fender would be time-barred. But determining the statute of limitations with respect to § 1983 actions can be complicated, and for purposes of this recommendation I assume—without deciding—that Plaintiff's claims against Mr. Fender would be barred if this action is dismissed. *See, e.g.*, *Kuhnle Brothers, Inc. v. County of Geauga*, (6th Cir. 1997) ("[T]his Circuit, sitting en banc, decided that the limitations period for § 1983 actions arising in Ohio is the two-year period found in Ohio Rev. Code § 2305.10.") Even assuming that some or all of Plaintiff's claims against Mr. Fender could

be time-barred, however, "whether the applicable statute of limitations has run is only one of several factors that a court must consider in deciding whether to grant a discretionary extension of time." *Oakland Physicians*, 44 F.4th at 570. The Sixth Circuit has agreed with other circuits that "the running of the statute of limitations does not require a court to grant a discretionary extension." *Id.* (emphasis omitted). Accordingly, I conclude that this factor is neutral with respect to extending the service deadline.

As to the fifth factor, Plaintiff has provided two different addresses for service on Mr. Fender. Both have been unsuccessful. The Court has met its obligations to Plaintiff by informing him of service deficiencies, identifying the forms needed to accomplish service, providing those forms to him, and ultimately directing the U.S. Marshal to attempt service at the addresses he provided. But Plaintiff has offered no explanation regarding how he came to find the second address provided (the first was just the physical address of NEOCC), what efforts he has undertaken to ascertain Mr. Fender's physical address for service, or otherwise what steps would be possible in this case to accomplish effective service. Under these circumstances, this factor weighs heavily against an extension.

With respect to the sixth factor, Plaintiff is a pro se litigant and also proceeding in forma pauperis. But in light of the procedural history of this case, the lengthy extensions already granted, and the other relevant factors discussed herein, I find that this factor is again neutral with respect to extending the service deadline.

Finally, with respect to the seventh factor, I have considered whether other equitable factors exist. Plaintiff is incarcerated, which of course makes it more difficult to prosecute a federal lawsuit. But I again conclude that this factor is neutral based on the procedural history of this case, the lengthy extensions already granted, and the other relevant factors discussed herein.

Before addressing my balancing of these factors, I note again that Plaintiff has known for at least three weeks that service had not been perfected by the Court's deadline, he has not asked for an extension, and he has made no attempt to show good cause for extending the deadline. For these reasons alone, dismissal of Mr. Fender from this action is warranted.

But even assuming that Plaintiff had asked for an extension, I still conclude that dismissal without prejudice is warranted based on balancing the relevant factors. Specifically, the Court set a firm deadline for service—one that Plaintiff failed to meet. Even if Plaintiff did not receive the Court's order by mail, as he alleged, he knew about the order on August 24, 2026 and made no efforts to comply with the order. Moreover, there is no indication regarding how Plaintiff intends to successfully serve Mr. Fender in the case. The Court has given Plaintiff lengthy service extensions, he has provided two different addresses for service, and the U.S. Marshal has timely attempted service, all without success after the passage of more than eight months. And this issue has hindered the orderly progression of the case. Accordingly, I am convinced that Rule 4(m) requires dismissal of Plaintiff's claims against Mr. Fender without prejudice.

## III. RECOMMENDATION

For the foregoing reasons, I RECOMMEND that the Court dismiss Plaintiff's claims against Mr. Fender without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Dated: September 10, 2026

/s *Jennifer Dowdell Armstrong*
JENNIFER DOWDELL ARMSTRONG
UNITED STATES MAGISTRATE JUDGE

## VII. NOTICE TO PARTIES REGARDING OBJECTIONS

Local Rule 72.3(b) of this Court provides:

> **Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure**. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates

Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, at *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878–79 (6th Cir. 2019).