**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **Kandale L. Harrison,** | **Case No. 4:26-cv-00206** |
| **Plaintiff,** | |
| **-vs-** | **JUDGE PAMELA A. BARKER** |
| **Warden Douglas Fender et al.,** | **MAGISTRATE JUDGE JENNIFER DOWDELL ARMSTRONG** |
| **Defendants.** | **MEMORANDUM OPINION & ORDER** |

This matter is before the Court upon Plaintiff's Kandale L. Harrison's ("Plaintiff") Motion for Reconsideration (the "Motion") (Doc. No. 35), which asks this Court to reconsider its decision dismissing Plaintiff's claims against Defendant Douglas Fender ("Fender") without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. For the reasons that follow, the Motion is denied.

## I. Procedural History

Plaintiff's Complaint was filed on January 27, 2026, making service of process due on April 27, 2026. (Doc. No. 1.) On February 19, 2026, the U.S. Marshal filed a return of service of process executed upon Fender. (Doc. No. 7.) However, Defendant Lindsay Ashby's ("Ashby") Motion to Extend Responsive Pleading Deadline revealed that Fender was no longer the warden at the prison and had not worked there since 2025. (Doc. No. 8, PageID# 54.) Therein, Ashby pointed out that the service package intended for Fender was signed for by an unknown individual. (*Id.*) On March 16, 2026, the U.S. Marshal corrected this filing and filed a return of service of process unexecuted upon Fender. (Doc. No. 9.) As a result of this confusion, Judge Armstrong gave Plaintiff until June 1, 2026 to serve Fender. (Doc. No. 17.) On May 26, 2026, Plaintiff filed an amended proposed

summons and USM-285 with this Court, which included a new address for Fender on which the U.S. Marshal could execute service of process. (Doc. No. 19.) This Court gave Plaintiff an additional sixty days to serve Fender, making service due on August 24, 2026, and directed the U.S. Marshal to service Fender at the new address. *See* Non-Doc. dated June 23, 2026.

## II. Standard of Review

"Rule 59(e) is only applicable where final judgment has been rendered, and motions for reconsideration of interlocutory orders are brought under Rule 54(b)." *Am. Clothing Express, Inc. v. Cloudflare, Inc.*, 2022 WL 3401929 at *1 (W.D. Tenn. Aug. 16, 2022) (citing *Adkisson v. Jacobs Engineering Group, Inc.*, 36 F.4th 686, 694 (6th Cir. 2022)). Under both the common law and Federal Rule of Civil Procedure 54(b), district courts have the "authority . . . to reconsider interlocutory orders . . . 'as justice requires.'" *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 Fed. Appx. 949, 959 (6th Cir. 2004) (quoting *Citibank (South Dakota), N.A. v. FDIC*, 857 F. Supp. 976, 981 (D.D.C. 1994)).

Courts apply an identical standard of review to motions to reconsider under Rule 59(e) and Rule 54(b). *See Novia Commc'ns, LLC v. Weatherby*, 2019 WL 669622 at *1 (N.D. Ohio Feb. 19, 2019) ("[T]he standard is nearly identical for both a Rule 54(b) and Rule 59(e) motion[.]"), *aff'd*, 2021 WL 3399827 (6th Cir. Aug. 4, 2021); *Brookdale Senior Living, Inc. v. Caudill*, 2015 WL 5822633 at *2, n. 2 (E.D. Ky. Oct. 1, 2015) ("[T]he standard for reconsidering interlocutory orders under Rule 54(b) is the same as the standard under Rule 59(e).") (citation omitted).

A court may grant a motion to reconsider when the plaintiff shows "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar*, 616 F.3d at 615 (citation omitted); *see also Luna v. Bell*, 887

F.3d 290, 297 (6th Cir. 2018) (quoting *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009)) (applying same factors to motion to reconsider an interlocutory order); *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 Fed. Appx. 949, 959 (6th Cir. 2004) (same); *Christian v. Altaire Pharms., Inc.*, 2021 WL 3578812 at *3 (6th Cir. Aug. 10, 2021) (same).

"It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'" *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996); *see also Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018). Motions to alter or amend are extraordinary and should be sparingly granted. *See Cequent Trailer Products, Inc. v. Intradin (Shanghai) Machinery Co., Ltd.*, 2007 WL 1362457 at *2 (N.D. Ohio May 7, 2007) (citing *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995)).

## III. ANALYSIS

In the Motion, Plaintiff requests that this Court reconsider its order adopting Judge Armstrong's Report and Recommendation (Doc. No. 30), which recommended the dismissal of Plaintiff's claims against Fender for failure to perfect service of process. (Doc. No. 32.) In support of this argument, he asserts that (1) he did not receive court filings in May, June, or July and (2) that the February 19, 2026 service attempt constituted valid service upon Fender. The Court addresses these arguments in turn below.

First, in the Motion, Plaintiff argues that he did not receive any court filings in May, June, or July and was only on notice of the filings when a friend checked the docket on his behalf. (Doc. No.

35, PageID# 333.) These filings included this Court's June 23, 2026 Non-Document Order and the U.S. Marshal's return of service of process as unexecuted at the updated address. *See* Non-Doc. dated June 23, 2026; (Doc. No. 27.) Plaintiff had already notified the Court of this mailing issue on August 31, 2026, and Judge Armstrong acknowledged this Notice in her September 10, 2026 Report and Recommendation, recommending dismissal of the claims against Fender. (Doc. Nos. 29, 30.) Therein, Judge Armstrong pointed out that Plaintiff "ha[d] not filed a motion to further extend the service deadline or made any attempt to show good cause for extending the deadline." (Doc. No. 30, PageID# 233.) "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court." *McConocha*, 930 F. Supp. at 1184 (N.D. Ohio 1996). Furthermore, the docket indicates that Judge Armstrong's Report and Recommendation was mailed to Plaintiff. Yet, Plaintiff failed to timely object to any of its findings. This Cour need not reach this argument since it was already presented to Judge Armstrong. However, reviewing the issue *de novo*, Plaintiff's argument fails.

Once a plaintiff has commenced an action in the federal courts, the plaintiff bears the burden of obtaining service of process upon each defendant. To effectuate service upon a defendant, the Civil Rules require the plaintiff to act in a reasonable and diligent manner. Specifically, Rule 4(m) of the Federal Rules of Civil Procedure provides:

> Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

The critical inquiry to determine when a set of circumstances constitutes "good cause" is whether "something outside the plaintiff's control prevents timely service." *Savoie v. City of E. Lansing*, 2022 WL 3643339 at *4 (6th Cir. Aug. 24, 2022).[1] While "it is worth remembering that Rule 4(m) should be construed leniently by courts dealing with *pro se* litigants[,]" *Warner v. Evans*, 2009 WL 3244751, at *3, 2009 U.S. Dist. LEXIS 93815, at *9 (E.D. Ky. Oct. 5, 2009), "*[p]ro se* status...is not automatically enough to constitute good cause for purposes of Rule 4(m)." Wright & Miller, *supra*, § 1137. Here, Plaintiff has not listed any other address where Fender could be served and let the deadline lapse without requesting another summons. *See* (Doc. No. 35.) Thus, he has not demonstrated good cause as to why this Court should extend the service of process deadline.

Second, in the Motion, Plaintiff argues that the February 19, 2026 filing of service of process as executed was valid. (Doc. No. 35, PageID# 335.) Plaintiff asserts that the unknown individual who mistakenly signed the mailing accepted service on Fender's behalf and this acceptance constituted valid service. (*Id.*, PageID# 336.) Rule 4(e)(2) provides three catch-all mechanisms for the plaintiff to effectuate service of process on an individual:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

---

[1] The Sixth Circuit has noted that it is "reluctant to disturb a district court's 'discretionary determination' of whether good cause has been shown." *Zareck v. Corr. Corp.*, 2022 U.S. App. LEXIS 22305 at *6-7 (6th Cir. Aug. 9, 2022) (quoting *Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991)).

Plaintiff offers no evidence to demonstrate that the unknown individual who signed for Fender was authorized to accept service of process on his behalf. *See Murray v. Wiggins*, 2021 WL 3698898, at *5 (M.D. Tenn. Aug. 3, 2021), *report and recommendation adopted*, 2021 WL 3682643 (M.D. Tenn. Aug. 19, 2021) (finding plaintiff offers no evidence that anyone at defendant's counsel's law firm was authorized to receive service of process on defendant's behalf) (citing *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 354 (6th Cir. 2003) (holding that plaintiff failed to demonstrate that an unidentified receptionist who signed for an overnight mail package qualified as an "authorized agent" under Rule 4).

Rule 4(e) incorporates state law by allowing the plaintiff to follow the state service procedures of the "state where the district court is located" or of the state where "service is made." Fed. R. Civ. P. 4(e)(1). Because this Court sits in Ohio and Plaintiff attempted to serve the Fender in Ohio, service on the Defendants is proper under Ohio's service procedures. *See* Ohio R. Civ. P. 4.2(A) ("Service of process...shall be made as follows: (A) Upon an individual, other than a person under sixteen years of age or an incompetent person, by serving the individual[.]") Ohio Rule of Civil Procedure Rule 4.2(A) "does not contemplate sending service of process through an agent or third party, as demonstrated by the rule's express allowance for service on a guardian or agent in certain circumstances but omitting that exception for an individual under division (A) of the rule." *Continuum Transp. Servs. v. Elite Int'l Corp.*, 235 N.E.3d 523 (Ohio Ct. App. 2024). Thus, Ohio law provides no basis on which the February 19, 2026 service would constitute valid service upon Fender. For these reasons, this Court rejects Plaintiff's argument that the February 19, 2026 service attempt constituted valid service on Fender.

## IV. CONCLUSION

For the reasons set forth herein, this Court denies Plaintiff's Motion for Reconsideration. (Doc. No. 35.)

**IT IS SO ORDERED.**

*s/Pamela A. Barker*
PAMELA A. BARKER
U.S. DISTRICT JUDGE

Date: October 28, 2026