**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KANDALE L. HARRISON | ) | CASE NO. 4:26-CV-206 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | UNITED STATES DISTRICT JUDGE |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| WARDEN DOUGLAS FENDER, *et al.*, | ) | JENNIFER DOWDELL ARMSTRONG |
| | ) | |
| Defendants. | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |

Pro se plaintiff Kandale L. Harrison is an incarcerated person and brings this action under 42 U.S.C. § 1983 against Defendant Lindsay Caldwell (both in her individual and official capacity)[1] and Defendant CoreCivic, Inc. (Am. Compl., ECF No. 23.) Plaintiff alleges that Ms. Caldwell was a case manager at Northeast Ohio Correctional Center ("NEOCC"), where Plaintiff was incarcerated, and which was operated by CoreCivic. Plaintiff alleges that Ms. Ashby was responsible for passing out mail to him and failed to provide him with important legal mail from his attorney in 2023, which caused him to miss an appeal deadline related to his state criminal case, essentially forfeiting a U.S. Supreme Court challenge to his lengthy prison sentence. (*See id.*, PageID# 184.)[2]

This case is before me pursuant to the Court's order referring this matter to me for general pretrial supervision. (Order of Referral, ECF No. 10.) Currently pending is Plaintiff's Motion for

---

[1] Plaintiff initially named "Lindsay Ashby" as a defendant in this case. Because Ms. Ashby's counsel reported that her legal name is now "Lindsay Caldwell," (ECF No. 8 at 1 fn.1, PageID# 53), I issued an order on September 10, 2026 that directed the Clerk's Office to amend the case caption on the docket to "Defendant Lindsay Caldwell." (Non-document order dated Sept. 10, 2026.)

[2] Plaintiff originally sued Douglas Fender, a former warden at NEOCC, but the claims against Mr. Fender were dismissed without prejudice for lack of service pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (*See* Mem. Opinion and Order, ECF No. 32).

Leave to File a Motion to Supplement Complaint. (Mot., ECF No. 33.) Defendants oppose the motion. (ECF No. 36.) Plaintiff did not file a reply brief, and the time to do so has passed. L.R. 7.1(e). For the reasons that follow, the Motion is DENIED.

## I. PROCEDURAL HISTORY

The procedural history of the case, up through the Court's order dismissing Plaintiff's claims against Mr. Fender, is set forth in detail in my Report and Recommendation of September 10, 2026. (ECF No. 30, PageID# 228–31.) I presume the parties' familiarity with that document, but I will briefly summarize the history relevant to the present Motion.

On January 27, 2026, Plaintiff (proceeding pro se) filed a complaint against Ms. Caldwell. (ECF No. 1.) Ms. Caldwell filed a Rule 12(b)(6) motion to dismiss the complaint in April 2026. (ECF No. 15.)

On May 26, 2026, Plaintiff filed a motion to amend the complaint and add CoreCivic as a defendant. (ECF No. 18.) In June, Plaintiff filed an affidavit, which he characterized as an exhibit to his proposed amended complaint. (ECF No. 21.) Ms. Caldwell did not oppose Plaintiff's motion to amend the complaint. (*See* ECF No. 20.)

On June 23, 2026, the Court entered an order addressing Ms. Caldwell's motion to dismiss (ECF No. 15) and Plaintiff's motion to amend (ECF No. 18.) (Order, ECF No. 22.) The Court granted Plaintiff leave to file his first amended complaint and directed that the amended complaint would comprise ECF No. 18-1, and his Supplemental Affidavit would appear at ECF No. 21. (*Id.* at PageID# 176.) Due to the filing of the Amended Complaint, the Court denied Ms. Caldwell's Motion to Dismiss as moot. (*Id.*) The Clerk filed the amended complaint the same day. (ECF No. 23.)

As amended, Plaintiff's complaint alleges that he is entitled to damages and other relief under § 1983 because Ms. Caldwell and CoreCivic violated the First Amendment – his "right to receive and send mail," as well as the Fourteenth Amendment – his right to be treated the same as similarly situated individuals by receiving legal mail within 72 hours while incarcerated under state prison policy. (*See* ECF No. 18-1, PageID# 129.) Plaintiff also alleges that he was denied due process of law because his access to the courts was impaired. (*See id.*)

Specifically, Plaintiff alleged that CoreCivic was bound by contract to abide by the policies of the Ohio Department of Rehabilitation and Correction ("ODRC"), which policies required Ms. Caldwell to distribute legal mail within 72 hours of receiving it. (*See id.*, PageID# 130–31.) He alleges that his defense lawyer in his state criminal case mailed him a letter setting forth his deadline to file a petition for a writ of certiorari with the U.S. Supreme Court, which arrived to Ms. Caldwell on October 31, 2023. (*See id.*, PageID# 131; *see also id.* at PageID# 141.) He says that Ms. Caldwell "deliberately and maliciously" and with "deliberate indifference" did not give him the letter, and he was only given the letter on January 26, 2024, by which time the deadline to file a petition had passed. (*See id.* at PageID# 131, 133.) He further alleges that he would have prevailed at the U.S. Supreme Court had he been able to file a timely petition, but now he has no options to challenge his lengthy state prison sentence. (*See id.* at PageID# 131.) He also says that he escalated the issue with the facility's warden, but was ignored. (*See id.*)[3] Plaintiff requests $8 million in compensatory damages and for $4 million in punitive damages. (*Id.*)

After service on CoreCivic, defense counsel entered their appearance for Ms. Caldwell and CoreCivic on August 19, 2026. (ECF No. 28.) On September 24, 2026, Defendants filed a motion

[3] These allegations are repeated and further described in the supplemental affidavit that has been incorporated into the amended complaint. (*See* ECF No. 21.)

to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 31.) Plaintiff filed an untimely opposition brief on November 5, 2026. (ECF No. 38.)

On October 13, 2026, Plaintiff filed his Motion for Leave to File a Motion to Supplement the Complaint. (ECF No. 33.) Defendants filed their opposition brief on October 27, 2026. (ECF No. 36.) Plaintiff did not file a reply brief, and the time to do so has passed.

This Memorandum Opinion and Order follows.

## II. LAW AND ANALYSIS

Rule 15(d) of the Federal Rules of Civil Procedure allows a trial court to permit a litigant, on just terms, to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. Fed. R. Civ. P. 15(d). Whether to allow a supplemental pleading is a matter within the court's sound discretion, but leave should be liberally granted. *Spies v. Voinovich*, 48 F. App'x 520, 527 (6th Cir. 2002) (citing *McHenry v. Ford Motor Co.*, 269 F.2d 18, 24 (6th Cir. 1959). Further, pro se parties are afforded leeway and lenient construction with respect to their pleadings. *E.g.*, *Clinkscale v. City of Youngstown*, No. 4:25-CV-02092, 2026 WL 37555, at*1 (N.D. Ohio Jan. 6, 2026) (citing *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)).

This liberality, though, "does not mean every motion should be granted." *Avisar v. Chen*, No. 1:23 CV 1980, 2025 WL 2740951, at *3 (N.D. Ohio Sept. 23, 2025). A district court "must balance the difficulties faced by an unrepresented plaintiff against the defendant's right to just and speedy resolution." *Clinkscale*, 2026 WL 37555, at *1. In deciding whether to grant a motion to supplement, courts consider factors like "undue delay or bad faith in filing the motion, repeated failures to cure previously-identified deficiencies, futility of the proposed amendment, and lack of

notice or undue prejudice to the opposing party." *Knight Cap. Partners Corp. v. Henkel AG & Co., KGaA*, 930 F.3d 775, 786 (6th Cir. 2019).

Here, Plaintiff filed his initial complaint in January 2026. (ECF No. 1.) After Ms. Caldwell filed a motion to dismiss that complaint (ECF No. 15), Plaintiff sought leave in May 2026 to amend the complaint by adding additional allegations and a new party–defendant (ECF No. 18), which the Court granted in June 2026. (ECF No. 22.) Defendants then prepared and filed a motion to dismiss the amended complaint on September 24, 2026. (Mot., ECF No. 31.) On October 13, 2026 – nearly nine months after initially filing this case – Plaintiff sought leave again to add additional allegations to his complaint. (ECF No. 33.)

Plaintiff does not provide a clear statement of what exactly his additional proposed specific allegations would be. Specifically, he supports his request with a 57-page filing packet comprising a three-page recitation of facts (ECF No. 33-1, PageID# 267–69) and around ten exhibits (*Id.*, PageID# 270–323.) The exhibits are primarily court records from the trial and appeals courts of Logan County, Ohio, from Plaintiff's state criminal cases. Several of the exhibits themselves contain handwritten allegations and argument, including argument regarding the facts underlying the merits of this federal lawsuit. (*See, e.g.*, *id.* at PageID# 278.)

Moreover, several of the exhibits predate the amended complaint in this case—the pleading Plaintiff wishes to supplement. For example, he includes a transcript from the Logan County Court of Common Pleas from August 25, 2021. (*Id.*, PageID# 283.) He also includes records from his state criminal case from November 2020 (PageID# 303) and September 2021 (PageID# 304). Finally, he includes several exhibits that were already part of the amended complaint, such as his counsel's letter from October 2023 (PageID# 321).

While difficult to surmise, Plaintiff appears to seek through this lengthy filing packet to add three substantive factual allegations that post-date the amended complaint:

> ***First,*** in July 2026 he filed an application to reopen his direct appeal in the Ohio Court of Appeals pursuant to Rule 26(B) of the Ohio Rules of Appellate Procedure. (*See id.* at PageID# 267, 272–82).
>
> ***Second,*** in August 2026 the Ohio Court of Appeals denied the motion as untimely, as it was filed three years after the judgment entry he sought to reopen in the absence of a showing of good cause. (*See id.* at PageID# 267, 270); *see also* Ohio R. App. P. 26(B) (application must generally be filed within 90 days of the judgment).
>
> ***Third,*** he is "in the process" of filing another application to the U.S. Supreme Court, seeking to explain why he missed the original deadline to apply for certiorari due to the alleged late delivery of his mail while confined. (*Id.* at PageID# 269.)

Plaintiff then seemingly sets forth—largely by restatement of his allegations regarding the timing of his legal mail—his argument that the Defendants by their actions and inactions with respect to that mail are responsible for the denial of this application for reopening. (*See* PageID# 267–68.) He says that the denial of his application "constitutes another injury" for purposes of his lawsuit. (*Id.*, PageID# 269 (internal quotation marks omitted)). He casts the denial as another example of actual prejudice supporting a claim that he was denied his right to access the courts. (*See id.*)

Defendants oppose Plaintiff's motion, arguing that: (1) the requests are untimely and prejudice them; (2) Plaintiff's failure to attach a proposed supplement leaves them unable to determine what particular allegations he seeks to add; and (3) any supplementation would be futile because any additional allegations would not cure the deficiencies in the amended complaint such that it could survive a Rule 12(b)(6) motion to dismiss.

The Court agrees with Defendants that the proposed supplement is untimely and would prejudice them and further delay these proceedings. The Court also agrees for the reasons set forth

above that Plaintiff's failure to attach a proposed supplement leaves Defendants unable to determine what particular allegations Plaintiff seeks to add.[4]

Plaintiff offers no explanation for waiting several months after he filed his application for reopening in July 2026 (and a month and a half after the application was denied) to seek leave to supplement the complaint here. *Compare Avisar*, 2025 WL 2740951, at *5 (plaintiffs were diligent where they informed the court of a desire to supplement less than three weeks after triggering event). Moreover, he offers no explanation for waiting until July 2026 to file the application for reopening in the first place because he was aware of the facts underlying that application at the time he filed his initial complaint in this case.

And as discussed above, most of the 57-page filing packet containing Plaintiff's proposed supplemental allegations and exhibits either far pre-date the amended complaint or are already incorporated into the amended complaint. But a Rule 15(d) supplement deals only with occurrences or events arising *after* a complaint is filed. *Id.* at *4. Therefore, Plaintiff's request is in large part either unnecessary (because the allegations are already part of his case) or raised in an inappropriate vehicle.

Further, Plaintiff has already been permitted to file an amended complaint and a first supplement to the amended complaint. Defendants have expended time and resources over the course of several months to prepare two motions to dismiss, and the Court finds that it would be unduly prejudicial to require them to respond again to Plaintiff's lengthy and ambiguous proposed supplement.[5] *See Clinkscale*, 2026 WL 37555, at *1 ("Neither the Court nor the Defendants herein

---

[4] Because the motion should be denied on these bases, the Court need not address Defendants' futility argument.

[5] The Court considered that it could simply not require a response, but it is difficult to see how allowing the supplement on those terms would not necessitate another round of briefing with respect to the pending

are obligated to comb through Plaintiff's voluminous entries to garner clear and succinct statements for each cause of action.").

Finally, the Court notes that Plaintiff's legal theory with respect to Defendants' liability as it relates to the application for reopening does not seem to differ in a material way from the central claims that are already in the amended complaint. Put another way, even liberally construed, the proposed supplement does not fix a deficiency or add a new claim or theory as to the merits of his claims. Rather, the supplement just identifies how the alleged 2023 injury that he already described continues to affect him. *Cf. Souare v. Ohio BMV*, No. No. 5:25-CV-564, 2025 WL 2029794, at *5 (N.D. Ohio July 21, 2025) (motion to supplement denied where plaintiff sought leave to add claims and a new defendant based on a license suspension that occurred before the filing of the complaint). And his filing suggests that he may seek leave in the future to supplement his complaint yet again based on the resolution of any further application he may file with the Supreme Court, leading to a pattern of repeated supplements and responses.

Under these circumstances, the balance of the relevant factors favors denying leave to supplement the complaint. Of course, Plaintiff may seek to introduce evidence relevant to his injuries and damages after the motion to dismiss is resolved, if appropriate. The Court expresses no opinion at this time on the admissibility of the records or other evidence Plaintiff attached to his motion to supplement. But allowing yet another pleading at this late stage would be unduly prejudicial and would needlessly delay this case.

Before concluding, the Court further notes that it will DENY WITHOUT PREJUDICE Plaintiff's request for a court order directed to the Southern Ohio Correctional Facility requiring

---

motion to dismiss. This would be prejudicial to the Defendants and would unnecessarily delay the resolution of the motion in a case that has already been pending for nine months.

the production of a legal mail log. (ECF No. 33, PageID# 269.) The request is premature. If appropriate, the Court will hold a case management conference and set a case management schedule after the pending motion to dismiss is resolved.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion for Leave to File a Motion to Supplement Complaint (ECF No. 33).

The Court further DENIES WITHOUT PREJUDICE Plaintiff's motion for a court order directed to the Southern Ohio Correctional Facility requiring the production of a legal mail log (ECF No. 33, PageID# 269) because it is premature. If appropriate, the Court will hold a case management conference and set a case management schedule after the pending motion to dismiss is resolved.

Dated: November 12, 2026

/s/ *Jennifer Dowdell Armstrong*
JENNIFER DOWDELL ARMSTRONG
UNITED STATES MAGISTRATE JUDGE